UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

SHAUN L. STEELE,                )
                                )
        Petitioner,             )
v.                              )   No. 1:11-cv-614-JMS-TAB
                                )
DONNA CARNEYGEE,                )
                                )
        Respondent.             )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Shaun L. Steele for a writ of habeas corpus will be **denied**. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Nature of the Case**

Steele seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

**II. Parties**

Steele is confined at a state prison in Indiana. The respondent is Steele's custodian, sued in his official capacity as a representative of the State of Indiana.

**III. Background**

Steele is confined at the Correctional Industrial Facility pursuant to his 2010 Elkhart County convictions for auto theft/receiving stolen parts, resisting law enforcement and operating a vehicle while intoxicated. His current sentence was

enhanced under Indiana's habitual offender statute by the conviction which is challenged here, that being his 1999 Elkhart County conviction for robbery.

Steele's habeas petition is based on his claim that he was denied the effective assistance of counsel in failing to properly challenge the testimony and investigation of Detective Rezutko. The respondent opposes Steele's habeas petition by arguing, in part, that the habeas petition was not timely filed. Steele argues otherwise.

## IV. Applicable Law

Because Steele's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The statute also provides three alternate dates for the commencement of the statute of limitations.

## V. Discussion

Steele's 1999 Elkhart County conviction for robbery became final for habeas corpus purposes on November 17, 2002. In most instances, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See *Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). Using this date as the starting date for the 1-year statute of limitations, Steele's habeas petition was not timely filed.

Steele does not dispute the logic of the respondent's § 2244(d)(1)(A) analysis, but argues that the proper statute of limitation analysis should be predicated on the date specified in § 2244(d)(1)(D), this being date on which the factual predicate of his habeas claim could have been discovered through the exercise of due diligence. He argues that pursuant to § 2244(d)(1)(D) he discovered the factual basis for his claim of perjury by Detective Rezutko in securing an arrest warrant for Steele, and that counsel should have properly investigated Detective Rezutko. This reasoning met its demise in *Escamilla v. Jungwirth,* 426 F.3d 868 (7th Cir. 2005).

*Escamilla* explains that discovering factual support for a claim does not restart the statute of limitations. More significantly for the present case is the Court of Appeals' further statement in *Escamilla*:

> No new "factual predicate" supporting a "claim" that counsel rendered ineffective assistance is possible even in theory, because the adequacy of counsel's performance must be assessed in light of what was actually known (or reasonably knowable) at the time counsel acted, rather than what comes to light years later

*Id.* at 871 (citing *Strickland v. Washington,* 466 U.S. 668, 690(1984)).

So it is here. Steele claims that Detective Rezutko used false statements to secure the warrant. The fact that Detective Rezutko was under investigation is ancillary to the fact that Steele must have believed very early on that Detective Rezutko lied on the charging information and that his counsel should have investigated this misconduct. Steele states as much in his petition--that he "promptly let counsel know that the statement was false and that . . . [he] had nothing to do with the robbery." Steele thus knew both before and during trial what he told his attorney and what his attorney did and did not do relative to challenging the veracity of Detective Rezutko in securing the arrest warrant. The later discovery of information which may have supported a challenge to Detective Rezutko in securing the arrest warrant does not shift the commencement of the running of the statute of limitations from the date on which the conviction became final under 28 U.S.C. § 2244(d)(1)(A) to the later-discovery of a factual predicate under 28 U.S.C. § 2244(d)(1)(D).

In short, Steele's position in this case would impermissibly convert that factual or evidentiary basis for a habeas claim into the claim itself. This would, in turn, send application of § 2244(d)(1)(D) spiraling beyond the bounds of all reason. Congress did not write the statute in that fashion, and this court only has the authority to apply the statute in the manner it was written. At least for statute of limitations purposes, the factual predicate for Steele's claim of ineffective assistance of counsel was simply the fact that trial counsel did not investigate Detective Rezutko's conduct. *See Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000) (under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as [petitioner's] case illustrates.").

### VI. Conclusion

Based on the foregoing, therefore, Steele's petition for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice**.

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Steele has failed to show that reasonable jurists would find it debatable whether this court has been correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 02/03/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana